JAMES C. LESTORTI *v*. RALPH J. DELEO ET AL.
(AC 29578)

Bishop, Harper and Beach, Js.

Submitted on briefs September 12, 2008—officially released April 28, 2009

*David S. Hardy* and *Anthony M. Fitzgerald* filed a brief for the appellant (defendant Louis A. Lestorti, Jr.).

*Edward C. Taiman, Jr.,* filed a brief for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant[1] Louis A. Lestorti, Jr., appeals from the judgment of the trial court rendered following its granting of the motion of the plaintiff, James C. Lestorti, to strike the defendant's counterclaim for equitable contribution. The defendant claims that the court improperly granted the plaintiff's motion to strike. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. In April, 2006, the plaintiff instituted an action in multiple counts alleging, inter alia, fraud against the defendant, among others. That action subsequently was transferred to the complex litigation docket in the judicial district of Hartford. On February 23, 2007, the defendant filed a counterclaim, alleging a cause of action for equitable contribution.

---

[1] The plaintiff filed a complaint in multiple counts against numerous defendants. At issue in this appeal is the plaintiff's motion to strike the counterclaim of Louis A. Lestorti, Jr. We therefore refer in this opinion to Louis A. Lestorti, Jr., as the defendant.

In his counterclaim, the defendant alleged the following facts. In a guaranty agreement dated June 11, 2001, which was attached to the counterclaim, the plaintiff, the defendant and two others each agreed jointly and severally to guaranty the liability of Pond Place Development II, LLC (Pond Place), to First Union National Bank under a note in the amount of $7,875,000. The note was secured by a mortgage. On or about August 31, 2004, Wachovia Bank, N.A. (Wachovia),[2] the successor to First Union National Bank, commenced a foreclosure action against, inter alia, Pond Place, the principal obligor, and the plaintiff and the defendant, secondary obligors, under the terms of the guaranty agreement. This foreclosure action arose out of a default on the promissory note. Although both the plaintiff and the defendant were initially named as defendants in the foreclosure action by virtue of their joint and several liability on the guaranty, the action was dismissed on May 3, 2006, as to the plaintiff because Wachovia failed to make proper service on him. The defendant was found to be liable for the amount of the deficiency judgment.

When the court rendered judgment of strict foreclosure, it found that the debt owing to Wachovia, not including fees and costs, was $2,400,834.96 and that the value of the property being foreclosed was $295,000. To avoid the substantial risk of liability for a much larger deficiency judgment, the defendant negotiated and settled Wachovia's deficiency claim for $275,000 by virtue of a stipulated deficiency judgment. Subsequently, the defendant paid Wachovia $275,000 and

[2] The court, in its memorandum of decision, referred to "Wachovia's successor in interest." The plaintiff noted in his memorandum of law in support of his motion to strike that shortly before the judgment of strict foreclosure was rendered, Wachovia assigned its interest to another entity. Because there is no issue before us regarding the identity of the foreclosing party, for simplicity, we will refer to the foreclosing party as "Wachovia," with the understanding that there may be a successor in interest.

obtained a satisfaction of judgment. In his counterclaim, the defendant alleged that, as a joint obligor under the guaranty of the promissory note, the plaintiff was liable to him for $137,500, the plaintiff's proportionate and equitable share of the defendant's payment to satisfy the deficiency judgment.

On April 13, 2007, the plaintiff filed a motion to strike the defendant's counterclaim. The plaintiff argued that, as a matter of law, the defendant had no right of contribution against him because the deficiency judgment rendered in the foreclosure action, for which the defendant sought contribution, was not a joint obligation. The defendant subsequently filed an objection to the motion to strike.

On October 10, 2007, the court granted the plaintiff's motion to strike the defendant's counterclaim. The court noted that the plaintiff and the defendant had been jointly liable on the guaranty of the note underlying the Wachovia mortgage but that liability was extinguished by the foreclosure obtained by Wachovia. The court concluded that because only the defendant was liable for the deficiency judgment, and the plaintiff was not, the defendant had no equitable right to contribution from the plaintiff for a portion of that deficiency judgment. This appeal followed.

On appeal, the defendant claims that the court improperly granted the plaintiff's motion to strike his counterclaim for equitable contribution. He argues that the court improperly concluded that he had no right to equitable contribution from the plaintiff because the plaintiff had no liability for the deficiency judgment. We disagree.

We first set forth the applicable standard of review. "The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a

pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *JP Morgan Chase Bank* v. *Rodrigues*, 109 Conn. App. 125, 128–29, 952 A.2d 56 (2008).

"The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." (Internal quotation marks omitted.) *Security Ins. Co. of Hartford* v. *Lumbermens Mutual Casualty Co.*, 264 Conn. 688, 714, 826 A.2d 107 (2003).

The Restatement (Third) of Suretyship and Guaranty sets forth useful principles. In a simple suretyship arrangement, A lends B a sum of money. C guaranties payment. In the parlance of the Restatement, A is the obligee, B the principal obligor and C the secondary obligor. In the simplest case, and with the understanding that exceptions abound, if C discharges B's debt to A, then C has a cause of action against B for reimbursement. Restatement (Third), Suretyship and Guaranty § 22, pp. 93–96 (1996).

If A releases B from the obligation to repay the debt, however, and does not preserve C's right of recourse against B, ordinarily A may not then seek to enforce C's guaranty, because A has impaired the ability of C ultimately to seek reimbursement from B. Id., §§ 37 through 39, pp. 157–76. If, with knowledge of the circumstances, C nonetheless pays to A some or all of B's former debt after B has been released by A, then C has

no right of recourse against B. C has in effect acted as a volunteer in paying A after A has impaired C's ability to gain reimbursement from B. Id., § 39, comment (f), p. 172.

If A allows the statute of limitations as to B to expire, then the secondary obligation also expires and the secondary obligation is discharged. If C nonetheless pays A, C is not able to obtain reimbursement from B because C's payment was gratuitous. Id., § 43, comment (c), pp. 196–97. B would not in such circumstances be unjustly enriched, and C therefore entitled to restitution, because B did not owe anything at the time of C's payment to A. Id.

The same analysis applies in situations in which there are cosureties. As between cosureties, each cosurety is a principal obligor to the extent of its contributive share and a secondary obligor to the extent of its remaining obligation. Id., § 55, pp. 236–40. The rights of contribution and defenses are then the same as between secondary obligors and principal obligors. Id., §§ 55-56, pp. 236–42. If there is no other operative principle applicable, a cosurety's contributive share is the aggregate liability divided by the number of cosureties. Id., § 57, pp. 243–48.[3]

The application of the principles set forth in the Restatement to the facts of this case, as alleged by the defendant in his counterclaim, is quite straightforward. At least by May, 2006, Wachovia was unable to pursue the plaintiff for the deficiency judgment by virtue of General Statutes §§ 49-1 and 49-14. Functionally, Wachovia allowed a limitations period to expire against the plaintiff so that it could no longer pursue him

---

[3] It should be noted that the analysis of the Restatement is not comprehensive and is only in outline form. It does not address various exceptions and qualifications.

directly. No right of recourse is applicable. Wachovia then was not entitled to collect from the defendant an amount greater than the defendant's contributive share of the guaranty, in this case, half. The defendant is not entitled to reimbursement from the plaintiff for any amount: to the extent, if any, that the defendant's settlement with Wachovia reflected any payment of the plaintiff's obligation to Wachovia, the payment was gratuitous. Further, the defendant's contributive share was presumptively half of the obligation, which, at the time of the deficiency judgment, was more than $1,050,000. His payment of $275,000 would not appear in the circumstances to be anything other than a portion of his own contributive share. Under either rationale, the defendant is not entitled to reimbursement from the plaintiff. Furthermore, as suggested previously, the defendant is not entitled to restitution on a theory of unjust enrichment because the plaintiff, being effectively discharged from his obligation to the bank, owed nothing at the time of the defendant's payment and thus was not enriched, justly or otherwise, by the defendant's payment.

Our Supreme Court is likely to follow the Restatement, at least in the absence of authority to the contrary. See, e.g., *Cadle Co. of Connecticut, Inc.* v. *C.F.D. Development Corp.*, 243 Conn. 667, 706 A.2d 975 (1998); see also *Southington* v. *Commercial Union Ins. Co.*, 71 Conn. App. 715, 805 A.2d 76 (2002). Our case law, moreover, suggests that although the concept of equitable contribution has been endorsed; see *Security Ins. Co. of Hartford* v. *Lumbermens Mutual Casualty Co.*, supra, 264 Conn. 714; the application of the principles of equitable contribution does not help the defendant in the context of this case. In *Security Ins. Co. of Hartford* v. *Lumbermens Mutual Casualty Co.*, supra, 714, for example, our Supreme Court held, in the con-

text of asbestos litigation, that where one insurer has paid the entire obligation of a number of obligors, it may assert a right of contribution against other obligors for their *proportionate share of the entire obligation.* See also *Federal Deposit Ins. Corp.* v. *Mutual Communications Associates, Inc.*, 66 Conn. App. 397, 408, 784 A.2d 970 (2001) (*Lavery, C. J.*, dissenting), appeal dismissed, 262 Conn. 358, 814 A.2d 377 (2003). More venerable authority such as *North* v. *Brace*, 30 Conn. 60 (1861), and *Security Ins. Co.* v. *St. Paul Fire & Marine Ins. Co.*, 50 Conn. 233 (1882), support the proposition that where one of several cosureties pays the obligations of all the cosureties, the paying cosurety has a right of contribution as to the others. The right of equitable contribution from any particular cosurety is limited, however, to the share of the total owed by that cosurety. *Security Ins. Co.* v. *St. Paul Fire & Marine Ins. Co.*, supra, 244–46.

There is no theory, then, under the facts alleged in the counterclaim, by which the defendant could recover from the plaintiff. Under the law of surety, Wachovia's failure to obtain personal jurisdiction over the plaintiff in the foreclosure matter terminated the ability of Wachovia to recover from the plaintiff. The defendant's subsequent payment to Wachovia, in settlement of the surety obligation, did not pay on behalf of the plaintiff an obligation that the plaintiff owed; thus, there is no recovery available for equitable contribution. Finally, even if the defendant's payment is considered to be a payment on behalf of all the sureties, the payment was less than the defendant's own proportionate share of the obligation.

The judgment is affirmed.

In this opinion the other judges concurred.